Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PAUL DEREN, p/k/a MADSTEEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SHARP ELECTRONICS CORPORATION, et al.,<br><br>Defendants. | Case No.: 15-CV-0869-JLS-JCG<br>*Hon. Josephine L. Staton Presiding*<br>*Referred to Magistrate Judge Jay C. Gandhi*<br><br>[DISCOVERY MATTER]<br><br>**PROTECTIVE ORDER**<br><br>Action Filed: June 2, 2015 |

Having considered the parties' pleadings on file to date, and the parties' jointly submitted Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action, the Court determines and orders as follows:

WHEREAS documents, things and information may be furnished or disclosed in this action which contain or constitute confidential, proprietary or trade secret information; and

WHEREAS Plaintiff Mark Paul Deren p/k/a Madsteez ("Plaintiff"), on the one hand, and Defendants Sharp Electronics Corporation ("Sharp") and Best Buy Stores L.P. ("Best Buy"), (collectively referred to as "Defendants"), on the other hand, agree that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is needed to prevent the unnecessary disclosure or dissemination of such confidential, proprietary or trade secret information;

IT IS HEREBY STIPULATED AND AGREED by and between the parties herein, through their undersigned counsel, as follows:

1. Good cause statement: The parties to this case may need to produce or rely upon trade secrets, confidential agreements, and/or sensitive financial, customer, pricing, technical or other proprietary information, among other things. While such material may be relevant to this litigation, it may be damaging if competitors, licensees or others had full access to it. The terms of this Order ensure the confidentiality of important and proprietary business information while placing a minimal burden on the flow of discovery. The parties thus believe that there is good cause supporting such an Order.

2. Except as otherwise expressly defined in this Order, the following definitions apply:

(a) "**Confidential.**" Information (regardless of how generated, stored, or maintained) or tangible things that constitute trade secrets, proprietary, confidential or competitively sensitive business, commercial, research, development or financial information.

(b) "**AEO.**" Information (regardless of how generated, stored, or maintained) or tangible things that is "Confidential," and disclosure of which would create a substantial risk of injury that could not be avoided by less restrictive means.

3. (a) A party may designate any documents, material, or information as "Confidential" or "AEO" when it is produced by affixing the legend "CONFIDENTIAL" or "AEO" to each page containing any "Confidential" or "AEO" documents, material or information. Affixing the legend "CONFIDENTIAL" or "AEO" on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential" or "AEO," unless otherwise indicated by the producing party.

(b) A party or third party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "AEO" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or third party may designate in writing, within ten (10) business days after receipt of discovery responses or of a deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" or "AEO." Any other party may object to such proposal, in writing or on the record. If an objection is made, the parties shall follow the procedures described in Paragraph 13 below. After any designation is made according to the procedure set forth in this Paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 13 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

(a) If at any deposition in the action any document, material or information designated as "Confidential" or "AEO" is marked as an exhibit, inquired about or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall be automatically treated as if it had been so designated under the terms of this Stipulation and Protective Order.

4. The inadvertent production by any of the undersigned parties of any "Confidential" or "AEO" document, material or information during discovery in this Action without an appropriate designation, or any other inadvertent production by such party of any document, material or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential" or "AEO" or is privileged in any respect or protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production. In the event that such production occurs, counsel for the producing party shall redesignate the appropriate level of confidentiality, which shall thereafter apply to such document, material or information subject to the terms of this Stipulation and Protective Order, but the receiving party shall have no liability for any disclosures made prior to such designation. Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation. In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product or as trial preparation material is inadvertently produced, the party that inadvertently received the document shall return the document together with all copies of the document to counsel for the producing party promptly after it receives a written notice from counsel for the producing party that the document was produced inadvertently.

5. The parties' treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary and/or confidential information of any other party. The designation of documents as confidential shall not affect any party's burden of proof imposed by relevant substantive law. Notwithstanding the foregoing, to the extent that any party designates a document as "Confidential" or "AEO," the party making that designation shall not challenge the authenticity of the document for which they have made such a designation.

6. All documents and information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose of this case. This restriction does not apply to documents and/or information that are publicly available.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "Confidential" shall not be disclosed to any person other than the following person(s):

(a) counsel for the respective parties to this litigation, including co-counsel and in-house counsel for Defendants and/or their parent companies;

(b) employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

(c) Plaintiff, Defendants, and any officer or employee of Defendants and/or their parent companies, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, including without limitation non-technical jury or trial consulting services retained by counsel for a party, and graphics or design services retained by counsel for a party for the purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, provided that each such person or service shall execute a copy of the Certification attached to this Order before being shown or given any information designated "Confidential." Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon order of the Court for good cause shown;

(e) any authors or original recipients, if any, of the information designated "Confidential";

      (f)    the Court, Court personnel, court reporters and videographers (whether in court or at a deposition);

      (g)    any mediator or arbitrator that the parties engage in this matter or the Court appoints; and

      (h)    witnesses.  Except in cases where the witness is an author or original recipient of the document in question, a witness shall sign the Certification before being shown a document designated as "Confidential."  Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented or has been given notice that information produced by the party may be used.  Witnesses affiliated with a party to this action and nonparty witnesses appearing for deposition pursuant to a subpoena shall be notified of and given a copy of this Stipulation and Order and shall be bound by its terms.  At the request of any party, the portion of the deposition transcript involving such information shall be designated "Confidential" pursuant to Paragraph 3 above.  Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

    8.    Any persons receiving information designated "Confidential" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulation and Protective Order.

    9.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "AEO" shall not be disclosed to any person other than the following person(s):

      (a)    counsel of record for the respective parties to this litigation, including in-house counsel for Defendants and/or their parent companies, and employees of counsel deemed necessary for the legal defense of this action;

      (b)    independent consultants or expert witnesses, which persons may not be a former or current officer or employee of a party, who are retained for the prosecution or defense of this litigation, including without limitation non-technical

jury or trial consulting services retained by counsel for a party, and graphics or design services retained by counsel for a party for the purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, provided that each such person or service shall execute a copy of the Certification attached to this Order before being shown or given any information designated "AEO."  Copies of all Certifications shall be retained by counsel for the party so disclosing information designated "AEO" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon order of the Court for good cause shown;

   (c) the Court, Court personnel, court reporters and videographers (whether in court or at a deposition);

   (d) any mediator or arbitrator that the parties engage in this matter or the Court appoints; and

   (e) any authors or recipients, if any, of the information designated "AEO."

  10. Any persons receiving information designated "AEO" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Stipulation and Protective Order.

  11. If any party desires to submit information designated "Confidential" or "AEO" to the Court for any purpose, that party will comply with Central District of California Local Rule 79-5.

  12. Any party may voluntarily disclose to others without restriction any information designated by that party as "Confidential" or "AEO," although a document may lose its confidential status if it is made public.

  13. If a party contends that any specific document or information is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the document or information as "Confidential" or "AEO." The parties shall first try to resolve the dispute in good faith on an informal basis.  If

the dispute cannot be so resolved, the party challenging the designation may apply to the Court for an order determining that the material is not properly designated as "Confidential" or "AEO". The party who designated the material as "Confidential" or "AEO" shall have the burden of establishing that the document or information is entitled to protection. The material shall be treated as confidential in accordance with its designation while any motion or application concerning its confidential status is pending before the Court. A party shall not be obligated to challenge the propriety of any confidentiality designation at the time made, and failure to do so shall not preclude a later challenge to the designation or constitute an admission that such designation was proper. All applications or challenges made to the Court regarding this protective order, must made in conformity with procedures set forth in Local Rule 37.

14. Notwithstanding any challenge to the designation of information as "Confidential" or "AEO," all documents shall be treated as such and shall be subject to the provisions of this Stipulation and Protective Order unless and until one of the following occurs:

(a) the party who has designated the information "Confidential" or "AEO" withdraws such designation in writing; or

(b) the Court rules the information should not be designated as "Confidential" or "AEO" under this Stipulation and Protective Order.

15. All provisions of this Order restricting the communication or use of information designated "Confidential" or "AEO" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of information designated "Confidential" or "AEO" shall destroy such documents and any materials incorporating, quoting from, or otherwise incorporating information from such documents, and certify in writing no later than sixty (60) days after conclusion of this action that the destruction has been completed.

16. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court hearings or trial.

17. Nothing in this Stipulation and Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order.

19. Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within five (5) business days of the receipt thereof, and shall not produce the information until the designating party has had reasonable time to object or take other appropriate steps to protect the information.

20. The parties and their counsel of record agree to be bound by all the confidentiality provisions set forth in this Protective Order .

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: September 18, 2015

Hon. Jay C. Gandhi
U.S. District Court Magistrate Judge

**CERTIFICATION**

I hereby certify my understanding that material designated as "Confidential" or "AEO" (collectively "Confidential Information") is being provided to me pursuant to the terms and restrictions of the Protective Order dated _______________, in the case entitled Deren v. Sharp Electronics Corporation, et al., United States District Court for the Central District of California Case Number 15-CV-0869-JLS-JCG. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than sixty (60) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made from, quoting from, or otherwise incorporating any portion of that information – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Protective Order.

DATED:____________________

| ______________________________ | ______________________________ |
|---|---|
| Print Name | Signature |